**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NATIONAL AMERICAN INSURANCE ) | |
| COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. WGC-02-2691 |
| ) | |
| ELT CONTRACTORS, INC., *et al.* ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM OPINION**

Plaintiff, National American Insurance Company ("NAICO"), an Oklahoma Corporation engaged in the business of providing payment and performance bonds, brought this action against ELT Contractors, Inc., f/k/a Ernest Lee Tile Contractors, Inc., Ernest Donnell Lee, Jr., Stanley Lee, Crystal L. Knight Lee, Randy Lee, Ann Lee, Ernest D. Lee, Sr., and Jennifer Lee, alleging these Defendants failed or refused to reimburse NAICO under the Indemnity Agreements. The parties consented to proceed before a United States Magistrate Judge for all further proceedings and the entry of a final judgment. *See* Docket No. 17. The parties subsequently settled their dispute and the court approved the stipulation of dismissal without prejudice. *See* Docket No. 31. This litigation was subsequently reopened as to Defendants Ernest D. Lee, Sr., Randy Lee, Ann Lee and Jennifer Lee, and final judgment was entered in NAICO's favor jointly and severally against Defendants ELT Contractors, Inc., f/k/a Ernest Lee Tile Contractors, Inc., Ernest Donnell Lee, Jr., Crystal L. Knight Lee and Stanley Lee. *See*

1

Docket No. 40.  Pending before the court and ready for resolution is Plaintiff's Motion for

Summary Judgment (Docket No. 46).  Defendants Ernest D. Lee, Sr., Randy Lee, Ann Lee and

Jennifer Lee have not filed a Response in Opposition.[1]  No hearing is deemed necessary and the

court now rules pursuant to Local Rule 105.6 (D. Md.) (2004).

## I.  <u>BACKGROUND</u>

On April 11, 1995, Turner Construction Company ("TCC") subcontracted to Ernest Lee

Tile Contractors, Inc. the task of furnishing and installing certain tile work at the Internal

Revenue Service Headquarters ("the IRS Project") in New Carrollton, Maryland.  Am. Compl. ¶

12; Answer ¶ 12.  On May 11, 1995, Defendants Randy Lee, Ernest D. Lee, Sr. and Ann Lee

executed and delivered to NAICO a General Agreement of Indemnity ("Indemnity Agreement")

whereby Defendants Randy Lee, Ernest D. Lee, Sr. and Ann Lee[2] agreed to jointly and severally

indemnify NAICO against losses as partial consideration for NAICO providing bonds to Ernest

Lee Tile Contractors.  *See* Am. Compl. ¶13, Ex. A.  Based on Defendants' promises outlined in

the Indemnity Agreement, NAICO, as the Surety, executed a Performance Bond on behalf of

---

[1] Plaintiff filed its Motion for Summary Judgment on January 3, 2006.  Defendants' Response was due January 20, 2006.  On January 3, 2006, February 15, 2006, March 15, 2006, and May 1, 2006, the parties filed Stipulations to Extend Time for Defendants to file their Response.  *See* Docket Nos. 47, 49, 51, 53.  The court approved these Stipulations to Extend Time on January 4, 2006, February 15, 2006, March 15, 2006, and May 3, 2006 respectively.  *See* Docket Nos. 48, 50, 52, 54.  When the court approved the <u>fourth</u> Stipulation to Extend Time, the court notified the parties that no additional extensions will be granted.  The court further advised that, per the court's reporting requirements, Plaintiff's Motion for Summary Judgment must be resolved on or before September 30, 2006.  *See* Docket No. 54.  Subsequently, Defendants' counsel moved to withdraw as attorney.  *See* Docket No. 55.  The court granted in part and found as moot in part the Motion to Withdraw as Attorney.  In this Order the court reminded Defendants that their Response or Opposition is due June 20, 2006.  *See* Docket No. 56. Moreover, the court sent individual letters to Defendants Ernest D. Lee, Sr., Randy Lee, Ann Lee and Jennifer Lee reminding each that his/her  Response to NAICO's Motion for Summary Judgment is due June 20, 2006, and if his/her Response is not received by that date, the court will rule on NAICO's motion.  *See* Docket Nos. 57-60.

[2] The other indemnitors of the May 11, 1995 General Agreement of Indemnity are Ernest Lee Tile Contractors, Inc., Stanley Lee, Ernest D. Lee, Jr. and Crystal L. Knight Lee.  *See* Am. Compl., Ex. A.  Judgment has been entered in favor of Plaintiff and against these persons.  *See* Order of June 2, 2005 (Docket No. 40).

Ernest Lee Tile Contractors, Inc. as the Principal and TCC as the Obligee.  *Id.* ¶ 14.

On March 27, 1996, Defendants Randy Lee and Jennifer Lee executed and delivered to NAICO an Indemnity Agreement whereby Defendants Randy Lee and Jennifer Lee[3] agreed to jointly and severally indemnify NAICO against losses from a construction surety bond issued by NAICO for the use and benefit of ELT Contractors, Inc. ("ELT Contractors").  *See id.*, Ex. B. After ELT Contractors completed its work on the IRS Project, disputes arose between TCC and ELT Contractors about the tile work performed by ELT Contractors.  Subsequently, on April 4, 2001, TCC filed a lawsuit based on those disputes in the United States District Court for the District of Maryland, styled *Turner Construction Company v. ELT Contractors, Inc. and National American Insurance Company*, Civil Action No. AW-01-1013.  *See* Am. Compl. ¶ 16; Answer ¶ 16.  On or about May 15, 2001, Ernest D. Lee, Jr. agreed to waive any and all defenses under the Indemnity Agreements with NAICO concerning attorneys' fees, litigation costs and expenses and any other losses NAICO incurs with respect to TCC's lawsuit.  *See* Am. Compl., Ex. C.  On or about October 31, 2001, NAICO and ELT Contractors offered TCC $45,000.00 to settle the lawsuit, which TCC accepted.  NAICO advanced the full $45,000.00 settlement to TCC.  Am. Compl. ¶ 18; Answer ¶ 18.

Pursuant to the Indemnity Agreements, NAICO sought indemnification of $109,614.68, consisting of $45,000.00 as the settlement amount and $64,614.68 as attorneys' fees and consulting fees.  Am. Compl. ¶ 23.  Defendants (ELT Contractors, Randy Lee, Stanley Lee, Ernest D. Lee, Jr., Crystal L. Knight Lee, Ernest D. Lee, Sr., Ann Lee and Jennifer Lee) failed to

---

[3] The other indemnitors of the March 27, 1996 General Agreement of Indemnity are ELT Contractors, Inc., Stanley Lee, Ernest D. Lee Jr., and Crystal L. Knight Lee.  *See* Am. Compl., Ex. B.  Judgment has been entered in favor of Plaintiff and against these persons.  *See* Order of June 2, 2005 (Docket No. 40).

indemnify NAICO.

On August 15, 2002, NAICO filed a complaint against seven named persons, *see* Docket No. 1, which was subsequently amended on September 6, 2002 to add Jennifer Lee as a Defendant, *see* Docket No. 3.  A year later, the parties settled their dispute and submitted a Stipulation of Dismissal.  *See* Docket No. 30.  On October 22, 2003, the court approved the Stipulation of Dismissal without Prejudice, "subject to the right of Plaintiff National American Insurance Company to move for good cause to reopen the case by September 25, 2005, if the settlement and payment schedule for the promissory note, entered into by the parties, is not consummated."  Order of October 22, 2003 (Docket No. 31).  Defendants ELT Contractors, Ernest D. Lee, Jr., Crystal L. Knight Lee, and Stanley Lee ("Debtors") agreed to pay Plaintiff the Principal Sum of Sixty-Eight Thousand Dollars ($68,000.00) plus interest at the rate of ten percent (10%) per annum on the outstanding Principal Sum, until paid in full, in accordance with Maryland Promissory and Confessed Judgment Note ("the Promissory Note").  According to the payment schedule, the Debtors agreed to pay Plaintiff Three Thousand Dollars ($3,000.00) on the twenty-fifth (25th) day of each month, beginning on June 25, 2003 and to pay off the Principal Sum plus interest by September 25, 2005.

Approximately a year later, on October 12, 2004, NAICO moved to enter final judgment and reopen the case.  *See* Docket No. 32.  On November 23, 2004, NAICO's counsel sent a letter to the court requesting the court stay its ruling on Plaintiff's Motion to Enter Final Judgment and Re-Open the Case.  *See* Docket No. 37.  Defendants agreed to resume partial payments and assign NAICO's second tier security interest in ELT Contractors' claim against another company for work performed.  NAICO nevertheless reserved its rights under the Promissory Note.  *Id.*  On

4

November 23, 2004, the court stayed Plaintiff's Motion to Enter Final Judgment and Re-Open the Case.  *See* Docket No. 38.

Approximately six months later, on May 4, 2005, NAICO filed a Motion to Lift Stay and Rule on Plaintiff's Motion to Enter Final Judgment and Re-Open the Case.  *See* Docket No. 39. Despite the November 2004 agreement, the Debtors failed to make monthly payments of $1,000.00 beginning November 2004.  The Debtors made one payment on February 10, 2005.

On June 2, 2005, the court lifted the stay imposed on November 23, 2004.  Final judgment was entered in Plaintiff's favor jointly and severally against ELT Contractors, f/k/a Ernest Lee Tile Contractors, Inc., Ernest D. Lee, Jr., Crystal L. Knight Lee and Stanley Lee in an amount of One Hundred Fifty Eight Thousand Eighty-One Dollars ($158,081.00) plus additional attorneys' fees Plaintiff incurs collecting upon the Judgment.  Furthermore, the court granted Plaintiff's Motion to Re-Open the Case as to the Remaining Defendants, *i.e.*, Randy Lee, Ernest D. Lee, Sr., Ann Lee and Jennifer Lee.  Order of June 2, 2005 (Docket No. 40).

## II.  STANDARD OF REVIEW

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrision v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394

(4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); *Pulliam Inv. Co.*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

"A mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theaters, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967), *cert. denied*, 390 U.S. 959 (1968)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

A court does not automatically grant an unopposed motion for summary judgment. Fed. R. Civ. P. 56(e). Even if the adverse party does not respond, the court shall grant summary judgment in favor of the moving party only if appropriate. *Id.; see Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) ("[T]he court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.").

### III.  <u>ANALYSIS</u>

Under general equity principles a surety is entitled to indemnification only when it pays a debt for which the principal is liable.  These principles are inapplicable when there is an express contract for indemnification between the surety and the principal.  In the latter situation, the terms of the contract dictate the surety's rights.  *Fidelity & Deposit Co. of Md. v. Bristol Steel & Iron Works, Inc.*, 722 F.2d 1160, 1163 (4th Cir. 1983).

Both the May 11, 1995 and the March 27, 1996 Indemnity Agreements contain *Paragraph 2, Indemnification, A. Claims and Losses*, which states:

> The Undersigned [Defendants] shall indemnify and keep Surety [NAICO] indemnified against, and hold Surety harmless from, any and all liability for losses and expenses of whatsoever kind or nature, including the fees and disbursements of counsel, and against all said losses and expenses which Surety may sustain or incur . . . (iv) in defending any action against Surety arising out of the execution of any bonds on behalf of the Principal or the Surety's exercise of any rights under this Agreement. . . .The Undersigned will pay over, reimburse and make good to Surety all sums and amounts of money which Surety shall pay or cause to be paid or become liable to pay under the Bond(s), or as charges and expenses of whatever kind or nature, including counsel, special counsel and consulting fees, by reason of the execution of said Bond(s) or in connection with any litigation, investigation, or other matters connected therewith.

Am. Compl., Ex. A ¶ 2A, Ex. B ¶ 2A.

On December 20, 2002, Plaintiff served its First Request for Admissions to Defendants Ernest D. Lee, Sr., Randy Lee, Ann Lee and Jennifer Lee.  *See* Docket No. 46, Exs. 1 - 4; *see also id.*, Ex. 5 (Letter from Seth A. Robbins to Brian S. Jablon of 12/20/02), Ex. 6 (Certificate Regarding Discovery).  Defendants' responses were due on or before January 22, 2003.  To date, Defendants have not served responses to Plaintiff's First Request for Admissions.

Federal Rule of Civil Procedure 36(a) states that, unless a party serves written answers or

objections within 30 days after service of requests for admission, the matters are admitted. "Any

matter admitted under this rules is conclusively established. . . ." Fed. R. Civ. P. 36(b).

"'[A]dmissions obtained under Rule 36, including matters deemed to be admitted by a party's

failure to respond to a request for admissions, can form the basis for granting Summary

Judgment." *Gardner v. Borden, Inc.*, 110 F.R.D. 696, 697 (S.D. W. Va. 1986) (quoting *Freed v.*

*Plastic Packaging Materials, Inc.*, 66 F.R.D. 550, 552 (E.D. Pa. 1975)).

The following twenty-eight (28) Requests for Admission were served on Defendants

Ernest D. Lee, Sr., Randy Lee, Ann Lee and Jennifer Lee on December 22, 2002. They never

responded and therefore, in accordance with Rule 36, the following twenty-eight matters are

admitted.

> 1.  Admit that the General Indemnity Agreements, copies of which
> are attached to the Amended Verified Complaint as Exhibit [s] A and
> B, are a true and correct copy of the Indemnity Agreements issued by
> and between the Indemnitors to NAICO.
>
> 2.  Admit that you executed one and/or both [of] the General
> Indemnity Agreements referred to in the previous Request for
> Admission.
>
> 3.  Admit that pursuant to the Indemnity Agreements, you are jointly
> and severally liable to keep NAICO [i]ndemnified against, and hold
> harmless from, any and all liability for losses and expenses of
> whatsoever kind or nature, including fees and disbursements of
> counsel, and against all said losses and expenses which NAICO may
> sustain or incur in defending any action against NAICO arising out
> of the execution of any bonds on behalf of ELT [Contractors, Inc.] or
> NAICO's exercise of any rights under the Indemnity Agreements.
>
> 4.  Admit that Turner [Construction Company] and ELT entered into
> a Subcontract on or about April 11, 1995, for the performance of
> certain tile services and related materials and supplies, in accordance
> with the plans and specifications for the Project and any amendments,
> changes, and modifications thereto.

5.  Admit that on or about May 25, 1995, at the request of ELT, NAICO issued its Performance Bond Number NBE033247, in the full amount of the Subcontract, on behalf of ELT, as principal and on behalf of Turner, as Obligee.

6.  Admit that after completion of ELT's work on the Project, certain disputes arose between Turner and ELT regarding the tile work installed by ELT in the servery area of the Project.

7.  Admit that Turner filed a lawsuit related to the disputes referred to in the previous [R]equest for [A]dmission, styled as *Turner Construction [Company] v. ELT Contractors, Inc. and North American Insurance Company*, Civil Action No.: AW 01 CV 1013, in the United States District Court for the District of Maryland (Southern Division).

8.  Admit that in order to avoid incurring further costs and expenses of the litigation referred to in the previous Request for Admission, ELT entered into the Settlement Agreement attached to the Amended Verified Complaint as Exhibit D.

9.  Admit that the total amount paid by NAICO to Turner in consideration of the releases set forth in the Settlement Agreement was Forty-Five Thousand Dollars ($45,000).

10.  Admit that effective with the receipt of the amount referenced in the previous Request for Admission, Turner released and forever discharged ELT, its employees, officers, agents, successors and assigns, from any and all debts, liabilities, obligations, promises, covenants, contracts, endorsements, bonds, controversies, actions, causes of action, judgment, damages, expenses, claims, and demands whatsoever, in law or in equity, against ELT which Turner had, or shall have had in any manner whatsoever related to the Project or the Litigation.

11.  Admit that you did not make any monetary payments to NAICO in furtherance of the lawsuit filed by Turner against ELT and NAICO, in the matter styled as *Turner Construction [Company] v. ELT Contractors, Inc. and North American Insurance Company*, Civil Action No.: AW 01 CV 1013, in the United States District Court for the District of Maryland (Southern Division).

12.  Admit that you did not make any monetary payments to NAICO in furtherance of the Settlement Agreement.

13.  Admit that NAICO undertook all actions as required under the Indemnity Agreements.

14.  Admit that NAICO undertook all actions as required under the Bond.

15.  Admit that the May 15, 2001, letter Fred A. Mendicino, Esq., on behalf of NAICO, sent to Ernest Donnell Lee, Jr., a copy of which is attached to the Amended Verified Complaint as Exhibit C, is a true and correct copy of the letter Mr. Mendicino sent to Mr. Lee.

16.  Admit that by letter dated May 15, 2001, Mr. Mendicino informed Mr. Lee that he represented NAICO in the matter styled as *Turner Construction [Company] v. ELT Contractors, Inc. and North American Insurance Company*, Civil Action No.: AW 01 CV 1013, in the United States District Court for the District of Maryland (Southern Division).

17.  Admit that by letter dated May 15, 2001, Mr. Lee informed Mr. Mendicino that ELT attempted to secure counsel to represent ELT against Turner, in the matter styled as *Turner Construction [Company] v. ELT Contractors, Inc. and North American Insurance Company*, Civil Action No.: AW 01 CV 1013, in the United States District Court for the District of Maryland (Southern Division), but that Mr. Lee was unable to do so.

18.  Admit that by letter dated May 15, 2001, Mr. Lee, on behalf [o]f ELT, agreed to fully and completely cooperate in the defense of Turner's lawsuit against ELT and NAICO, styled as *Turner Construction [Company] v. ELT Contractors, Inc. and North American Insurance Company*, Civil Action No.: AW 01 CV 1013, in the United States District Court for the District of Maryland (Southern Division).

19.  Admit that by letter dated May 15, 2001, Mr. Lee, on behalf of ELT, agreed to waive any and all defenses under the Indemnity Agreements concerning attorneys['] fees, litigation costs and expenses and any other losses NAICO incurs with respect to Turner's lawsuit against ELT and NAICO, styled as *Turner Construction [Company] v. ELT Contractors, Inc. and North American Insurance Company*, Civil Action No.: AW 01 CV 1013, in the United States District Court for the District of Maryland (Southern Division).

20.  Admit that by letter dated June 13, 2002, NAICO (by and

through its counsel) informed you that NAICO incurred costs investigating, defending and settling claims with respect to Turner's lawsuit against ELT and NAICO, styled as *Turner Construction [Company] v. ELT Contractors, Inc. and North American Insurance Company*, Civil Action No.: AW 01 CV 1013, in the United States District Court for the District of Maryland (Southern Division).

21.   Admit that by letter dated June 13, 2002, NAICO (by and through its counsel) informed you that NAICO's losses in the lawsuit refer[r]ed to in the above Request for Admission, included Forty-Five Thousand Dollars ($45,000) paid to Turner, Fifty Thousand One Hundred Fifty-Four Dollars ($50,154) in legal and consultant fees, and Seven Thousand Four Hundred Forty-Seven Dollars ($7,447) in legal fees associated with the Indemnity Agreements.

22.   Admit that by letter dated June 13, 2002, NAICO (by and through its counsel) demanded that you perform your obligations under the Indemnity Agreements and make payment of One Hundred Two Thousand Six Hundred One Dollars ($102,601) to NAICO.

23.   Admit that you did not respond to the letter referred to in the previous three Requests for Admissions.

24.   Admit that NAICO adhered to all conditions precedent to bringing this action under the Indemnity Agreements.

25.   Admit that you are liable to NAICO for all costs, including but not limited to attorneys' fees, that NAICO incurred related to the lawsuit filed by Turner against ELT and NAICO, in the matter styled as *Turner Construction [Company] v. ELT Contractors, Inc. and North American Insurance Company*, Civil Action No.: AW 01 CV 1013, in the United States District Court for the District of Maryland (Southern Division).

26.   Admit that you are liable to NAICO for all costs, including but not limited to attorneys' fees, that NAICO incurred related to the Settlement Agreement.

27.   Admit that you are liable to NAICO for all costs, including but not limited to attorneys' fees, that NAICO incurred and continues to incur related to the lawsuit filed by NAICO against the Indemnitors, in the matter styled as *National American Insurance Company v. ELT Contractors, Inc., et al.,* Civil Action No.: PJM 02 CV 2691, in the United States District Court for the District of Maryland (Southern

> Division).
>
> 28.  Admit that you did not make any monetary payments to NAICO in furtherance of the lawsuit filed by NAICO against the Indemnitors, in the matter styled as *National American Insurance Company v. ELT Contractors, Inc., et al.*, Civil Action No.: PJM 02 CV 2691, in the United States District Court for the District of Maryland (Southern Division).

Docket No. 46, Ex. 1(Ernest D. Lee, Sr.), at 6-10, Ex. 2 (Randy Lee), at 6-10, Ex. 3 (Ann Lee), at 6-10, Ex. 4 (Jennifer Lee), at 6-10.

According to Plaintiff, as of November 30, 2005, there remains an unpaid balance of Ninety Seven Thousand Six Hundred Fifty and 60/100 Dollars ($97,650.60) under the Indemnity Agreements.  Pl.'s Mem. Supp. Mot. Summ. J., at 9.  Thus, the amount owed has been reduced from the admitted obligation of One Hundred Two Thousand Six Hundred One Dollars ($102,601.00).[4]  Admission ¶ 22.

Plaintiff has demonstrated that there is no genuine issue as to any material fact.  Fed. R. Civ. P. 56(c).  Plaintiff is entitled to judgment as a matter of law.  *Id.*

For the foregoing reasons, an Order will be separately entered granting judgment in NAICO's favor jointly and severally against Defendants Randy Lee, Ernest D. Lee, Sr., Ann Lee and Jennifer Lee in the amount of $97,650.60, together with (i) interest at the federal rate of post-judgment interest, and (ii) costs and expenses (after December 1, 2005), including attorneys' fees, incurred by NAICO in connection with this litigation.

---

[4] Since January 22, 2003, when the unanswered Requests for Admission became admitted, Defendants have made some monetary payments to NAICO in furtherance of the lawsuit filed by NAICO against Defendants, the Indemnitors.  *See* Admission ¶ 28.

June 26, 2006                                        /s/
_____                    _____
      Date                                     WILLIAM CONNELLY
                                      UNITED STATES MAGISTRATE JUDGE